

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS

~~ATTORNEY GENERAL~~


Honorable Don D. Parker
County Auditor
Eastland County
Eastland, Texas

Dear Sir:                          Opinion No. O-1073
                                   Re: Transfer of scholastics with-
                                   in the county--County superin-
                                   tendent has no discretion if
                                   proper application filed.

        We are in receipt of your letter of June 27, 1939, in which you sub-
mit the following question to this department for an opinion:

"If parents wish to transfer their children from one district to another
district in the same county, and make the proper written application to
the County School Superintendent, is it optional or mandatory with the
County School Superintendent to either approve or disapprove such a trans-
fer?"

        Prior to the 1925 revision, Article 2760, Revised Civil Statutes,
1911, provided:

"Art. 2750. APPLICATION OF PARENT OR GUARDIAN. Any child lawfully en-
rolled in any district, or independent dsitrict, <u>may</u> be transferred to
the enrollment of any other district, or independent district, in the same
county upon the written application of the parent or guardian or person
having the lawful control of such child, filed with the county superin-
tendent; but no child shall be transferred more than once; provided the
party making application for transfer shall state in said application
that it is the bona fide intention of applicant to send child to the
school to which transfer is asked. Upon the transfer of any child, its
portion of the school funds shall follow and be paid over to the district,
or independent district, to which such child is transferred; provided no
transfer shall be made after August first, after the enrollment was made."

        Dated April 27, 1920, letter book, vol. 235, page 932, this depart-
ment rendered an opinion to Miss Annie Webb Blanton, State Superintendent
of Public Instruction, construing the 1911 statute in which it was held
that the word "may" was used in a mandatory sense and should be construed
the same as "shall." The State Superintendent being dissatisfied with the
foregoing opinion requested that this department reconsider its former
construction and in response thereto, the Attorney General's Office issued
its conference opinion No. 2444, Vol. 57, page 303, dated July 29, 1922,

written by Assistant Attorney General, Bruce W. Bryant, in which the authorities were thoroughly reviewed; and it was held that the word "may" as used in the 1911 statutes should be construed as "shall" and mandatory. Therefore, upon application for transfer being properly filed with the county superintendent, he had no discretion in the matter and the transfer should be granted.

Article 2760 was carried into the 1925 revision as Article 2696, and the first sentence was changed to read:

"Any child lawfully enrolled in any district, or independent district, may at the discretion of the county superintendent be transferred to the enrollment of any other district . . ."

By Acts 1935, 44th Legislature, page 488, ch. 201, Article 2696, R.C.S. 1925, was amended to read as follows:

"Any child lawfully enrolled in any district or independent district, may by order of the county superintendent, be transferred to the enrollment of any other district or independent district in the same county upon a written application of the parent or guardian or person having lawful control of such child, filed with the county superintendent; provided that any district or independent district being dissatisfied with any transfer made by the county superintendent may appeal from such action to the county board of trustees of said county who shall have the right to annul and cancel the transfer allowed by the county superintendent.

"The applicant shall state in said application that it is his bona fide intention to send said child to the school to which the transfer is asked.

"Upon the certification of the transfer of any child, from one district to another district, by the county superintendent of the county in which the child resides at the time of the transfer, the State Department of Education shall authorize the State Treasurer to pay over directly the per capita apportionment, in independent districts of five hundred (500) or more scholastic population, to the district to which such child is transferred; and in all other districts, . , to county superintendents, to be paid by him to the respective districts to which such children are transferred; provided, no transfer shall be made after August 1st."

In a letter opinion dated May 18, 1938, written by Assistant Attorney General W. J. Kemp, letter book 381, page 572, the conference opinion by Mr. Bryant was followed, it being pointed out that the "wording of the present statute has not changed materially from that of the statute under consideration in the opinion of Mr. Bryant," and the statute was held to be mandatory. A similar opinion was written by Mr. Kemp dated August 6, 1938, letter book 382, page 603. A contrary opinion, however, was rendered on March 20, 1936, to Mr. Oliver E. Pape, by the Hon. Joe J. Alsup, letter book 371, page 292, holding that it was discretionary with the county superintendent as to whether a transfer should be made.

We are informed that the Department of Education has followed the opinion by Mr. Kemp, and has placed a similar construction upon Article 2696, the construction and application being that the transfer should be made upon proper application being filed within the required time, subject to being set aside by the County Board of Trustees, if within their judgment, the transfer should not have been made.

Taking into consideration the 1935 amendment of Article 2696, prior opinions by this Department, and their application by the Department of Education, we are of the opinion that such departmental construction should be followed.

The opinion dated March 30, 1936, addressed to Mr. Alvin E. Pape appearing in letter book 371, page 292, is hereby overruled.

It is our opinion that if parents wish to transfer their children from one district to another district in the same county and make the proper written application to the county school superintendent, it is mandatory that the county superintendent make such transfers, subject to be set aside upon appeal to the county board of school trustees of said county, as provided in Article 2696, Revised Civil Statutes, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack

Cecil C. Cammack
Assistant

CCC:pbp:egw

APPROVED JULY 12, 1939
/s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By R W F
Chairman